[No. 4881.]

## ED. M. MARTIN v. JAMES PARSONS and W. C. McDOWELL.

Court Commissioners.—Under the act of April 4, 1864, which provides that in tax suits, upon default of the defendant, the Court Commissioner shall draft a decree, etc., the duties of the Court Commissioner do not commence until the summons is duly served, and if a case is referred to him, his first duty is to ascertain whether the summons has been served.

Service of Summons by Publication.—In a suit to enforce a lien for taxes, if the complaint is not verified, service of summons cannot be made by publication and posting, without making an affidavit and procuring an order of publication, as in other cases.

When Court Commissioner is Guilty of Negligence.—If a Court Commissioner whose duty it is, in tax cases, in case of default, to draft a decree, drafts one, inserting therein that summons has been served, without any previous effort to ascertain that fact, he is guilty of gross negligence, and the negligence is none the less if he acts in good faith and without any fraudulent intent.

RELIEF BY COURT OF EQUITY AGAINST FRAUD.—If a Court Commissioner whose duty it is, in cases of default in tax suits, to draft a decree enforcing the lien of the tax, by negligence inserts in the decree a clause that the summons has been served when it has not been served, and afterwards becomes a purchaser of the property at the tax sale, a court of equity will not permit him to profit by his wrongful act, and his deed will be set aside.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

The leading facts in this case are found in the former report of the same (49 Cal. 94). Upon the return of the case to the court below, the cross-bill of the defendants was reinstated, and the case was tried upon the issues therein presented, and there was a judgment for the defendants. The attempted service of summons was by publication and posting on the premises. The plaintiff appealed.

The other facts are stated in the opinion.

*Ed. M. Martin and McKune & Welty*, for the Appellant.

There being no fraud in plaintiff, he is protected in his purchase from irregularities anteceding the decree, under the authority of *Reeves* v. *Kennedy*, 43 Cal. 643; *Reiley* v. *Lancaster*, 39 Cal. 355; *Truman* v. *Robinson*, 44 Cal. 623; *Hahn* v. *Kelly*, 34 Cal. 407; *Carpentier* v. *Oakland*, 30 Cal. 446; *Stokes* v. *Geddes*, 46 Cal. 17.

*A. C. Freeman and T. J. Clunie*, for the Respondents.

Jurisdiction could have been obtained in either one of four different methods: 1st, by personal service on the defendants; 2d, by posting on the real estate or delivering a copy of summons to some person in possession thereof (Hittell, Sec. 6190); 3d, by publication, as provided by the Practice Act in civil cases (Hittell, Sec. 6194); 4th, by service in the manner provided by Sec. 6575, Hittell's Digest. There is no pretense that any attempt was made to serve the summons by either the first, second or third of the above methods. The only service attempted was by the fourth method. But the case was not one in which resort to the fourth method was authorized. The statute (Hittell,

Sec. 6475, p. 95) says: "If the complaint is verified, it shall not be necessary that any other affidavit or any order be made to authorize the publication of a copy of summons or of notice." But this complaint was not verified.

The complaint not being verified, it was indispensable that an affidavit be made, and an order of publication be procured.

The findings show that plaintiff never attempted to ascertain whether any proceedings had been taken after filing the complaint. The plaintiff "made no comparison to see whether the intermediate steps between the assessment-roll and decree were ever taken." But the plaintiff asserts that he is blameless because he employed others to do his work. This might be some answer to a criminal prosecution; it might, and no doubt does, show an absence of evil intent. But here he seeks to take advantage of a state of facts arising from the negligence of his agents. This he cannot do. If he was in duty bound to any degree of official care, he cannot avoid his obligation by deputing its performance to others.

By the COURT:

The appeal is by the plaintiff on the judgment-roll, and the only question is whether the findings support the judgment. The action is to quiet the plaintiff's title, founded on a sheriff's deed under a sale for taxes; and the findings show that while the proceedings in the tax suit were pending, the plaintiff was the Court Commissioner, and the decree under which the land was sold was drafted by him or under his supervision. It further appears that in point of fact the court never acquired jurisdiction to render the decree, for want of a due service of process; but the decree on its face recites that process had been duly served, and that all parties in interest had been duly summoned.

By the act of April 4, 1864 (Statutes 1863-4, p. 399), the duties of the Court Commissioner in such cases are prescribed. It provides that in tax suits, where the summons has been duly served and no answer has been filed within the time limited, "default shall be deemed made by the de-

fendants, and without entry thereof by the clerk, the same shall be deemed referred, upon the plaintiff's motion, without entry of such motion, or any order to the Court Commissioner, who shall ascertain the amount of taxes due thereon, and also the dues of each officer, and report, by drafting a form of decree in the decree-book, specifying the amount of taxes due, etc.,  *  *  *  which form, when signed by the judge, either in term or in chambers, shall be and remain the judgment of the court." It was under a decree of this character, prepared by the plaintiff as Court Commissioner, or under his direction, that the land in contest was sold for taxes and purchased by the plaintiff at the tax-sale. It is clear that the duties of the Court Commissioner did not commence until the summons was duly served in one of the methods provided by law. Until then he had no jurisdiction to draft the decree, or perform any act in the premises. His first duty, therefore, was to ascertain whether the process had been duly served. But the findings show that he made no examination for that purpose, but confided to one D. E. Alexander the business of drafting the decree. It further appears that Alexander had before him no proof of service, except an affidavit made by the District Attorney, which was never filed in the case, was not attached to a copy of the summons, and would have applied to any other case as well. If, however, it had appeared on its face to have been made in that case and had been duly filed, annexed to a copy of the summons, it would have failed to show a service of the process, upon an unverified complaint as that was. It is obvious from the findings that the plaintiff was guilty of gross negligence in drafting the decree without any previous attempt to ascertain the jurisdictional facts, on which his power to act depended. It is immaterial, in this case, that he acted, as the court finds, in good faith and without any fraudulent intent. The case was here on a former appeal (49 Cal. 94); and in the opinion on that appeal we said: "It will be observed that fraud in fact is not, by direct averment, imputed to the plaintiff; but if the allegations of the cross-complaint be true, he has, through his own laches or neglect, obtained an unconscion-

able advantage over the defendants, against which a court of equity will afford relief. Whether the false recitals were inserted in the decree through fraud, or merely from the negligence or mistake of the plaintiff, is immaterial. It was through his fault that the decree was obtained without any service of process, and it would be against good conscience to allow him to profit by his own wrong."

This has become the law of the case, and as it now appears from the findings—first, that the summons was not served in the tax-suit, and the court had no jurisdiction to render the decree; second, that it was through the negligence of the plaintiff that the decree was obtained—it would be against good conscience to permit him to profit by his own wrongful act.