[L. A. No. 7069. In Bank.—October 20, 1921.]

J. W. RABE, Appellant, v. MAE LLOYD et al., Respondents.

[1] APPEAL—NOTICE—FAILURE TO NAME COURT.—In view of the fact that the only court in which an appeal in any case can be heard is determined by constitutional provision, and in view of the further constitutional provision that no appeal taken to the supreme court or to a district court of appeal shall be dismissed for the reason only that the same was not taken to the proper court, an appeal will not be dismissed because the notice of appeal did not state to what court the appeal was taken.

MOTION to dismiss appeal. Denied.

The facts are stated in the opinion of the court.

Morganstern & Smith for Appellant.

Sherman Lacey for Respondents.

THE COURT.—Motion to dismiss appeal, the ground of motion being that the notice of appeal is fatally defective in that it does not state to what court the appeal is taken. The notice is most specific in all other respects, describing with the utmost particularity the judgment from which the appeal was attempted to be taken.

Under the provisions of our constitution the only court to which the appeal in this case would lie is this court.

Section 941b of the Code of Civil Procedure, relative to appeals taken by the alternative method, provides that the notice of appeal shall state, among other things, that the party does hereby appeal "to the supreme or district court of appeal, as the case may be," from the judgment or order, identifying the thing appealed from with reasonable certainty. [1] Technical compliance with the provisions of this section would include a statement of the court to which the appeal is taken, but we are of opinion that failure *in this regard* should not be held to invalidate the notice of appeal. As we have noted, any appeal in this case could properly be taken only to this court. In every case there is only one court to which an appeal may properly be taken, this court or one of the three district courts of appeal, the respective appellate jurisdiction of supreme court and district courts of appeal being specified in the constitution. It is further expressly provided in the constitution (sec. 4, art. VI) that "No appeal taken to the supreme court or to a district court of appeal shall be dismissed for the reason only that the same was not taken to the proper court, but the cause shall be transferred to the proper court upon such terms as to costs or otherwise as may be just, and shall be proceeded with therein as if regularly appealed thereto." In view of the fact that the only court in which an appeal in any case can be heard is determined by constitutional provision, and in view of the further constitutional provision which we have just quoted, we are of the opinion that this notice which does state an appeal from a judgment described with absolute certainty should be held sufficient to sustain the appeal.

The motion to dismiss the appeal is denied.

Angellotti, C. J., Wilbur, J., Sloane, J., Lawlor, J., Lennon, J., and Shurtleff, J., concurred.