[L. A. No. 10566.   In Bank.—June 19, 1929.]

JESUS HERNANDEZ MONTANEZ, Appellant, v. ELIZA-
BETH MORTON BEARD et al., Respondents.

Theodore Gottsdanker for Appellant.

Culver & Nourse for Respondents.

PRESTON, J.—Motion to affirm judgment for failure to print pertinent portions of transcript. The action is for negligence.

Sixto Hernandez met his death in 1926, having been struck by an automobile driven by the defendant, Elizabeth Morton

Beard, who was, at that time, on business of her father, defendant George H. Morton. The plaintiff is the adult sister and sole heir at law of the deceased and brings the action under section 377 of the Code of Civil Procedure.

At the conclusion of the plaintiff's case a motion for nonsuit was made upon two grounds: First, the absence of a showing of negligence; second, the absence of a showing of pecuniary loss suffered by the plaintiff. The motion was denied on the first ground but granted on the second, and judgment passed for defendants. The appellant has filed a ten-page brief, setting up generally the facts of the case, the making of the motion for nonsuit, the grounds therefor and the action of the court thereon, with appropriate references to the transcript. It then sets up a portion of the evidence upon which plaintiff relies to show that a pecuniary loss was suffered by her in the death of the decedent. The brief, concededly, does not purport to show all the evidence on this subject, but declares the evidence so set up sufficient to show the judgment erroneous. Instead of filing a reply brief the respondents confidently move to affirm the judgment.

■ The evidence set out in the brief by question and answer shows that the deceased was some twenty-four years of age at the time of his death and had resided for more than seventeen years in the home of the plaintiff and her husband as a member of their family; that all of his earnings had been given to them; that at the time of his death he was earning from forty to fifty dollars, twice a month, which it seems he likewise paid over to the plaintiff and her husband. The evidence shows one incident of a gift of two hundred dollars by decedent to plaintiff, also that he paid practically one-half of the purchase price on a house and lot for her, which cost a total of twelve hundred dollars. In other words, enough of the evidence is set out to show that the plaintiff and her husband had stood *in loco parentis* to the decedent for many years. In the absence of any contrary showing we are not prepared at this time to hold that the plaintiff suffered no pecuniary loss at the death of her brother. It was not necessary to set out all the evidence on this subject, if enough appears to show that this question should have been left to the jury, and we are not prepared at this time to say that such a showing was not in fact made.

It is true that a motion for nonsuit made on more than one ground, if good on any ground stated, will be sustained. But this observation does not aid respondents here. Under rule VIII of this court, as now existing, it is sufficient to show the substance of the record, "parenthetically referring to the line and page of the typewritten transcript for verification." This was done. We therefore think that the showing of the appellant is sufficient as against this motion and it is denied.

Seawell, J., Shenk, J., Curtis, J., Langdon, J., Richards, J., and Waste, C. J., concurred.