[Civ. No. 7393. Second Appellate District, Division One.—August 11, 1930.]

PACIFIC STATES CORPORATION (a Corporation), Appellant, v. A. A. ROSENSHINE, as Superintendent of Banks, etc., et al., Respondents.

Russell & Heid and Robert Brennan for Appellant.

Albert A. Rosenshine, *in pro. per.*, Elbert W. Davis, J. H. Hoffman and O'Melveny, Tuller & Myers for Respondents.

CONREY, P. J.—Pursuant to notice, respondents have presented their motion for an order dismissing the appeal herein, or for an order affirming the judgment.

The motion is grounded upon the alleged failure of appellant to comply with the provisions of section 953c of the Code of Civil Procedure and failure to comply with rule VIII of the Rules of the Supreme Court, relating to the duty of an appellant to print in his brief or in a supplement thereto such portions of the record as he desires to call to the attention of the court.

In support of their position respondents have cited the decisions of the Supreme Court in *Dahlberg* v. *Dahlberg*, 202 Cal. 295 [260 Pac. 290], and *Bryant* v. *Kelly*, 203 Cal. 721 [265 Pac. 817], together with numerous earlier decisions referred to in the cited cases.

In the amendment of rule VIII of the Supreme Court, which amendment became effective September 1, 1928, and subsequent to the decisions in the two cases cited, new provisions were adopted into the rule for the purpose of indicating the view of the rule-makers as to what constitutes a substantial compliance with the code section. It was provided in the new rule VIII that ''where the parts of the typewritten record relied upon on appeal are required to be printed in the briefs (Code Civ. Proc., secs. 953a et seq.), it shall be sufficient to state therein the substance of such record, parenthetically referring to the line and page of the typewritten transcript for verification, . . . The pleadings need not be printed in such briefs, but the nature of the action and the substance of the pleadings must be stated in general terms. . . . ''

In the present case it appears that the judgment from which the plaintiff appeals was entered pursuant to an order sustaining demurrers to the first amended complaint in the action, without leave to amend the first count of the complaint, and after failure of the plaintiff to amend the remaining counts of the complaint. The record on appeal, therefore, consists of the clerk's transcript only.

Upon examination of appellant's opening brief it appears that counsel for appellant have in good faith attempted to state the nature of the action and the substance of the pleadings in general terms, and also with some attention

to particularity, and in several instances referred to the appropriate pages of the transcript. It is true that in stating the substance of the successive paragraphs of the complaint there are no parenthetical references to the lines and pages of the typewritten transcript. ▊ We are of the opinion, however, that since the portions of the record necessary to be brought to the attention of the court in connection with the argument of the appellant consist of the pleadings only, and since the substance of the pleadings was stated in the manner described in rule VIII, the brief for appellant shows a diligent and a reasonably successful effort to comply with the requirements of the code provisions and the rule to which reference has been made.

In connection with its opposition to the motion, appellant has tendered for service and filing a printed supplement to its opening brief, and asks leave to file the same. The supplement may be filed. Motion "for an order dismissing the appeal herein and/or an order affirming the judgment appealed from herein" is denied.

Houser, J., and York, J., concurred.