[Civ. No. 7490. Second Appellate District, Division One.—December 4, 1930.]

SARA F. HERSH et al., Respondents, v. AURELIO GARAU et al., Appellants.

Haas & Dunnigan, Walter F. Haas and W. E. McClintock for Appellants.

Meserve, Mumper, Hughes & Robertson for Respondents.

CONREY, P. J.—The grounds of motion to dismiss are that in the notice of appeal there was no statement naming the court to which the appeal was taken, and that the notice of appeal is fatally defective because not signed by an attorney of record of the appealing parties. ■ Specific designation of the court to which the appeal was taken was not necessary to vest in the proper court jurisdiction of the appeal. (*Rabe* v. *Lloyd*, 187 Cal. 282 [201 Pac. 598].)

■ The notice of appeal was signed by the attorneys as follows: "Walter F. Haas, W. E. McClintock, by W. E. McClintock." It is contended by respondents that McClintock was not an attorney of record and therefore was without authority to give a notice of appeal in the action. In the clerk's transcript it appears that the answer of defendants Garau to the complaint in intervention was signed by Haas & Dunnigan, W. E. McClintock, by W. E. McClintock. It is true that the name of McClintock was not signed to the answer of the same defendants to the previously filed answer of the defendants to the plaintiffs' complaint. It further appears by recitals in the findings of fact and in the judgment of the court that the said defendants Garau were represented at the trial by the law firm of Haas & Dunnigan by Walter F. Haas, and W. E. McClintock. We think that this record is sufficient to establish the right of Mr. McClintock to act in the matter of giving notice of appeal from the judgment.

■ The motion to affirm the judgment is based upon the ground that the opening brief of appellants does not comply with the provisions of section 953c of the Code of Civil Procedure and does not comply with the requirements of rule VIII of this court in this: That included in sundry specified pages of the brief are numerous pages of excerpts of testimony where no reference is given to the line or page

of the typewritten transcript. In the said brief there are a considerable number of instances wherein statements of testimony are given or quotations of testimony are given without specifying the page of the transcript where this testimony would be found. In some other instances the proper citation is made. The brief was in this respect carelessly prepared and was not as free from objections presented against it as was the brief considered by us in *Pacific States Corp.* v. *Rosenshine,* 107 Cal. App. 626 [290 Pac. 609]. In response to the motion to affirm appellants have filed a counter-motion that they be permitted to file a supplemental brief which they have tendered for filing in order to obviate the force of the objections made against their first brief. We find no sufficient reason for granting this motion. No good reason is offered, for the filing of a supplemental brief. The record of the trial is contained in two very large volumes. It is not reasonable for appellants to call upon opposing counsel in the preparation of their brief, or to call upon this court in its examination of appellants' brief, to examine a supplemental brief for the purpose of tracing the unidentified quotations contained in the opening brief. The method proposed by appellants would only create additional confusion and cause additional waste of time. We do not think, however, that it is in the interest of justice that we should punish appellants for the inadvertent omissions of counsel, by affirming the judgment, where an inspection of the opening brief satisfies us that counsel have acted in good faith, although without due diligence in the preparation of their brief.

The motions are denied.

It is ordered that appellants be allowed fifteen days from the filing of this order, within which time they may interline in their filed opening brief all of the omitted citations of pages and lines of the portions of record referred to by them, and serve upon opposing counsel a new and complete copy of their brief as thus corrected and amended. If appellants fail to act in conformity with the permission thus given, an order will be entered affirming the judgment.

York, J., and Hollzer, J., *pro tem.,* concurred.