[Civ. No. 468. Fourth Appellate District.—December 15, 1930.]

THOMAS EDWIN GILL et al., Respondents, v. C. G. JOHNSON, as State Treasurer, etc., Appellant.

U. S. Webb, Attorney-General, and L. G. Campbell and James S. Howie, Deputies Attorney-General, for Appellant.

Barker & Keithly for Respondents.

BARNARD, J.—This is a motion to dismiss an appeal and affirm a judgment, based upon the contention that the appellant has not printed in his opening brief, or any supplement thereto, as required by section 953c of the Code of Civil Procedure, such portions of the record as are necessary for a determination of the appeal, and that the appellant has not stated in his opening brief, as required by rule VIII of the rules applying to the Supreme and Appellate courts, the substance of the record and the pleadings to the extent required by said rule, and necessary to a proper understanding of the points raised.

Under section 953c of the Code of Civil Procedure and the above-mentioned rule VIII, as now existing, it is sufficient to set forth in the brief the substance of the record, parenthetically referring to the line and page of the typewritten transcript for verification. The nature of the action and substance of the pleadings may be stated in general terms, and only such portion of the pleadings need be printed in the brief, as may be necessary to an understanding of the points raised. (*Montanez* v. *Beard,* 207 Cal. 379 [278 Pac. 858]; *Irer* v. *Gawn,* 99 Cal. App. 17 [277 Pac. 1053]; *Pacific States Corp.* v. *Rosenshine,* 107 Cal. App. 626 [290 Pac. 609].)

This action is one to recover from the "Torrens Title Assurance Fund" in the custody of the state treasurer, the value of certain lands in Imperial County on account of

an erroneous registration of said land under the Torrens Law (Stats. 1915, p. 1932), due to an alleged fraud in securing the registration of said title, whereby it is claimed the Superior Court of the County of Imperial was deceived and imposed upon. In his opening brief appellant sets up three points as grounds for reversal. The first point is that this action does not properly come within the Torrens Law. In support thereof, a portion of the Torrens Law is set forth in the brief, together with one paragraph of the complaint, which are relied on to show that the action as brought, does not come within the terms of that law. The second point urged is that the respondents were themselves guilty of negligence, and, therefore, under the provisions of the Torrens Law, are not entitled to recover. While appellant's brief does not attempt to set up all of the evidence in this regard, the substance of considerable evidence is set forth, together with some thirty-five parenthetical references to the line and page of the transcript. Without passing upon the merits of the point raised, we think enough is thus set forth in the opening brief to call for careful study and consideration of the matter. The third point raised is that the question here at issue has already been settled under the rule of *res judicata* in another action, in another jurisdiction. In support of that point, appellant sets forth some considerable quotation from the transcript, showing portions of the opinion and decree in such other action, which portions of the record appear to present a real question.

We are unable to hold that the appellant has failed to comply with the requirements of the rule and code section referred to. It is apparent that a considerable part of respondents' objection to appellant's brief is addressed not so much to the failure of appellant to set forth or refer to portions of the evidence relied upon by him as showing error, as to his failure to also set forth other portions of the record which are desired by respondents, in support of their view of the case. We do not understand that any such duty rests upon the appellant.

We are of the opinion that the brief of the appellant shows a sufficient compliance with the rules, as against such a motion, and the motion is, therefore, denied.

Marks, Acting P. J., and Warmer, J., *pro tem.*, concurred.