[Civ. No. 13185.   Second Dist., Div. One.   Aug. 30, 1941.]

AGNES  J.  SILVA,  as  Administratrix,  etc.,  Appellant,  v.
FLORENCE  DIAS  et al.,  Respondents.

Fred A. Shaeffer for Appellant.

John H. Machado for Respondents.

DORAN, J.—This is an action to have a deed adjudged a mortgage and to quiet title. Briefly the record reveals that John H. Machado was the attorney for John F. Silva in his lifetime, and in a transaction between them the property in question, which was owned by Silva, was conveyed to Florence Dias to secure attorney's fees for services to be performed by Machado for Silva.

The complaint alleged, "plaintiff is ready and willing to satisfy and discharge the indebtedness which said deed was executed to discharge, whenever the amount thereof shall be ascertained and determined." Plaintiff prevailed at the trial. The court quieted title in plaintiff and decreed that a proper conveyance be executed accordingly, but only upon the payment by plaintiff to defendant Machado of the sum of $601.81 within a certain time specified in the judgment, which sum it was adjudged was due the defendant Machado from the estate of Silva, since deceased, and which amount was further adjudged to be a lien upon the real property involved in the action.

It is contended by plaintiff-appellant: first, that the defendant Machado could not assert a claim against the estate without first filing such claim with the administratrix; second, that Machado was foreclosed from testifying in the action in support of his claim by virtue of section 1880 of the Code of Civil Procedure; and third, that in the absence of Machado's testimony, the findings lack support in the evidence, and hence such findings fail to sustain the judgment.

The record reveals that Machado asserted no claim against the estate. Machado's answer in substance and effect was limited to the single effort to enforce a lien against specific property, the authority for which is provided by section 716

of the Probate Code. ■ A mortgage lien is not a claim within the meaning of subdivision 3, section 1880 of the Code of Civil Procedure, and hence Machado's testimony was properly admitted. This being true, the evidence sustains the findings. ■ Moreover, the evidence supports the court's conclusion that the sum due was correct, and in that connection the law is well-settled that no affirmative relief in an action to quiet title can be granted without first paying or securing the balance due, if any. (17 Cal. Jur. 818, 819.) The judgment requiring the payment above mentioned, therefore, was proper.

■ Appellant complains also about the finding and conclusion that the property in question was being held in trust by Florence Dias for Machado. Although such contention is relatively unimportant, the conclusion was not incorrect either in fact or law. The fact that the property was conveyed to Florence Dias, under the circumstances revealed by the record, afforded to either the right to foreclose the deed as a mortgage. (17 Cal. Jur. 749.) The converse is equally true and, therefore, either could defend the action herein on the grounds relied upon by Machado. ■ Having depended upon the lien exclusively, it was unnecessary to file a claim with the administratrix. (Probate Code, sec. 716.)

■ It is also urged by appellant that the court erred in permitting the witness Machado, who was also attorney for defendants, to testify in "narrative form," instead of by question and answer. Such questions are primarily addressed to the sound discretion of the trial court, and unless prejudice is shown, it can scarcely be said that such action amounted to an abuse of discretion. No prejudice appears to have resulted from the ruling.

There are no prejudicial errors in the record, and the judgment is therefore affirmed. The appeal from the order denying motion for new trial is dismissed.

York, P. J., and White, J., concurred.