[Civ. No. 15630. Second Dist., Div. One. Jan. 28, 1947.]

CLARENCE W. BROWN et al., Appellants, v. COUNTY OF LOS ANGELES, Respondent.

John J. McMahon for Appellants.

Harold W. Kennedy, County Counsel and Earl O. Lippold, Deputy County Counsel, for Respondent.

DRAPEAU, J. pro tem.—Two elderly persons, husband and wife, were owners of a dwelling house in Los Angeles. Being in indigent circumstances, they received from the county of Los Angeles aid, consisting of groceries and other necessaries of life, hospitalization and care for the wife after her husband died. The wife made payments upon the increasing balances due to the county, including $38 a month out of a $40 government pension which she received. Upon her death in August of 1943, there was a balance due the county of $816.27.

July 18, 1936, these parties delivered to the county a mortgage securing a promissory note reading as follows:

"$254.09             Los Angeles, California, July 18th, 1936.

I, We, promise to pay to County of Los Angeles, or order, at Los Angeles, California, on demand, the sum of Two hundred fifty four and 09/100 Dollars heretofore advanced, and all sums of money and all institutional care and the value of any other property or services heretofore advanced or that may be hereafter advanced by County of Los Angeles to me or us or to my or our spouse, parent, parents or minor or adult child or children or to ...................................

No interest shall be payable until four years from date of the last advance made. All sums payable hereunder four years

from date of the last advance made shall bear interest thereafter at the rate of seven per cent per annum until paid. All statutes of limitation on this note and mortgage securing the same are hereby forever waived. This note is secured by a mortgage upon real property.

> Matilda Ann Manaugh (sgd)
> Louis Manaugh (sgd)''

The wife conveyed the property to her half brother William J. Brown, by deed dated November 11, 1941; recorded September 1, 1943, after her death. September 28, 1943, the county notified said William J. Brown, of the balance due under the mortgage. June 7, 1944, William J. Brown and wife, conveyed it by deed to Clarence W. Brown (son of William J. Brown) and his wife, plaintiffs herein.

Negotiations for the settlement of the account failing, the plaintiffs, grantees under the last mentioned deed, brought this action against the county to quiet title. The trial court found and adjudged that the plaintiffs were the owners of the property in fee simple, subject to the mortgage, with the balance due as above stated.

Plaintiffs appeal, and urge, under a number of headings: 1. That the judgment, establishing the lien of the mortgage was error, because the claim of the county was barred by the statute of limitations. 2. That the mortgage indebtedness was remitted by legislative action. 3. That the plaintiffs were not liable in any event because they were purchasers for value and without notice of the mortgage lien. 4. That the trial court erred in admitting without proper foundation evidence of the county's book account of advances and credits with the decedents.

At the beginning of a consideration of this appeal, appellants are faced with the legal proposition that in an action to quiet title in California it is the law that the mortgagor must pay the debt secured, even though it is barred by the statute of limitations. (10 Cal.Jur. 512; 17 Cal.Jur. 818; *Silva* v. *Dias,* 46 Cal.App.2d 662 [116 P.2d 496] ; *Potter* v. *Entler,* 71 Cal.App.2d 710 [163 P.2d 490].) This is based upon the principle that one who seeks the aid of a court of equity to quiet his title to real property must do equity. And this rule applies to the grantees of a mortgagor. (*Burns* v. *Hiatt,* 149 Cal. 617 [87 P. 196, 117 Am.St.Rep. 157] ; *Chapman* v. *Hicks,* 41 Cal.App. 158 [182 P. 336].)

■ The note, secured by the mortgage, is for future advances. It therefore is a lien for advances made after its date. (*Keese* v. *Beardsley,* 190 Cal. 465 [213 P. 500, 26 A.L.R. 1538].)

The trial court properly drew the inference that the half brother of decedent and his son knew there was an indebtedness to the county secured by the mortgage. Indeed, there can be no doubt that the decedent wife wanted this indebtedness paid before her property passed over to her half brother and his grantees. Therefore the judgment quieting title in plaintiffs subject to the mortgage indebtedness and finding the amount thereof was equitable and proper.

■ The evidence shows that the aid furnished was general indigent aid, hospitalization and medical relief. No statute has been called to our attention whereby a county's claim for such aid has been remitted by the state. Obviously, the aid here given was not under the provisions of the old age security laws, and the amendment to the California Constitution (Art. XVI, § 12; Stats. 1939, ch. 58, p. 3192; Stats. 1941, p. CXVIII) does not release the lien here under consideration. Appellants then argue that by Statutes of 1935, page 1769, it was the duty of the county to record in the office of the county recorder notice of these advances, and that, failing such recordation, plaintiffs are entitled to have their title quieted without payment of the mortgage note. However, there is nothing in the statute mentioned which in any way repealed or changed the right of the county to secure its indebtedness by promissory note and mortgage, as was done here.

■ It is elementary law that the mortgage being of record, subsequent purchasers of the property were on notice of it, and its terms and conditions.

■ Upon the trial appellants objected to the introduction of the account of deceased husband and wife with the county, and after its reception in evidence moved to strike it out. Prior to the enactment of the Uniform Business Records as Evidence Act, this objection may have been good; but now all that is necessary is to comply with the provision of the code. Code of Civil Procedure, section 1953(f) provides: "A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the

opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.''

The witness for the county testified that the record was made and was kept in the collection file; that it was kept in the regular course of business; that the practice was to make the entries at or about the time of the act, condition or event involved, and that the account showed an itemized statement of the aid furnished to these two old people.

There was sufficient foundation for the introduction of the account, and the rulings of the trial court relative thereto were correct. (*Loper* v. *Morrison,* 23 Cal.2d 600 [145 P.2d 1].)

The judgment is affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied February 13, 1947.