[Civ. No. 16324. Second Dist., Div. Three. Dec. 3, 1948.]

FRANK R. SIPE, Appellant, v. CATHERINE A. McKENNA et al., Respondents.

Robt. E. Rosskopf for Appellant.

Catherine A. McKenna, in pro. per., and J. Irving McKenna for Respondents.

VALLÉE, J.—Suit in equity to set aside a judgment on the ground of extrinsic fraud. The judgment followed the sustaining of an objection by defendants to the introduction of any evidence. Plaintiff appeals. The sole question for decision is whether the complaint states facts sufficient to constitute a cause of action. (*Miller* v. *McLaglen*, 82 Cal.App.2d 219, 223 [186 P.2d 48].)

The complaint, in two counts, alleged the following facts: Plaintiff is the owner and holder of a promissory note dated June 21, 1930, executed by Herman A. Paulk and Mary Agnes Paulk, in the amount of $1,250, payable three years after date, with 9 per cent interest, and of the beneficial interest under a deed of trust securing the note on Lots 75 and 76, Tract 2704. No part of the note has been paid except $100 on account of interest. On July 22, 1942, respondent Catherine A. McKenna, as plaintiff, filed an action, No. 478-808, against The Escrow Corporation, Alma Stiebitz and the Paulks to quiet title to the lots. On May 1, 1945, a judgment was rendered in that action purporting to quiet the title of Catherine A. McKenna in the lots against said defendants. The judgment purported to be after service upon and default of all defendants in that action. Plaintiff in the present action acquired title to the note and deed of trust on November 15, 1946, by assignment from Olga Schrago, which assignment was recorded that day. Schrago acquired title thereto on September 5, 1946, by assignment from Alma Stiebitz, which assignment was recorded September 10, 1946. Action No. 478-808 was filed and the judgment therein secured pursuant to a fraudulent scheme on the part of Catherine A. McKenna and the Paulks in that at the time of the filing of the action on July 22, 1942, Catherine A. McKenna was the holder of the bare legal title only to the property, having acquired it by quitclaim deed dated January 5, 1940, recorded July 15, 1942, from Sarah O'Neill, who had acquired title by quitclaim deed dated June 1, 1932, recorded January 17, 1933, from the Paulks. The deed of trust was still existing of record against the property, had not been paid or discharged, and Catherine A. McKenna was not entitled to quiet title as against the trustee or beneficiary under the deed of trust. An affidavit of service showing service on Alma Stiebitz on July

24, 1942, was filed in action No. 478-808. Alma Stiebitz was not served with summons and complaint in said action at any time and the affidavit of service was false. An affidavit of service was filed in said action showing service on The Escrow Corporation. The Escrow Corporation was not served with summons and complaint in the action at any time and the affidavit was wholly false. On August 15, 1946, Catherine A. McKenna caused a grant deed to be recorded purporting to convey Lot 75, Tract 2704, to Herman A. Paulk and Mary Agnes Paulk. On September 1, 1946, Catherine A. McKenna caused a grant deed to be recorded conveying said lot from the Paulks to Catherine A. McKenna. No *lis pendens* was recorded in action No. 478-808. Neither Alma Stiebitz nor Olga Schrago had any notice or knowledge of the pendency of action No. 478-808 nor of the decree therein. They relied entirely upon the public records in the recorder's office as to the condition of the title to the property. On November 15, 1946, plaintiff purchased the note and deed of trust from Olga Schrago in good faith, for value, and in reliance on the fact that Olga Schrago had purchased them in good faith and for value and without notice of the pendency of the action or the decree therein. On September 17, 1946, a certified copy of the decree in said action was recorded. Olga Schrago did not receive notice of the existence of the judgment in the action until September 20, 1946. Plaintiff offered to do equity in the premises.

The second count incorporates the entire first count and alleges that a bona fide controversy exists between plaintiff and defendants in that plaintiff claims to be the owner and holder of the beneficial interest under a valid and subsisting deed of trust upon the property whereas defendants, McKenna and the Paulks, claim that the deed of trust is null and void.

We must assume for the purpose of the appeal that the allegations of the complaint are true. (*North Side etc. Assn.* v. *Hillside M. Park,* 70 Cal.App.2d 609, 613 [161 P.2d 618].)

▉ A court of equity under proper circumstances will set aside a judgment obtained by fraud. (15 Cal.Jur. § 120, p. 8.)

▉ The fraud must be extrinsic and collateral. (*Huron College* v. *Yetter,* 78 Cal.App.2d 145, 149 [177 P.2d 367].) Extrinsic or collateral fraud is defined in the recent case of *Gale* v. *Witt,* 31 Cal.2d 362 [188 P.2d 755], thus (p. 365): "The fraud which will justify the setting aside of a final judgment by a court of equity must be of such character as prevents a trial of the issues presented to the court for deter-

mination. (*Thompson* v. *Thompson,* 38 Cal.App.2d 377 [101 P.2d 160]; *Godfrey* v. *Godfrey,* 30 Cal.App.2d 370 [86 P.2d 357].) Where the fraud practiced is collateral to and outside of court so that a party is, because of such fraud or concealment, effectively deprived of presenting his case or all of his defense, it is extrinsic and equity will give relief. . . . [p. 366] to constitute extrinsic fraud, there must have been some representation or concealment by the defendant which prevented the plaintiff from having his day in court . . .''

█ It has long been established that a false affidavit of service constitutes extrinsic fraud. A party is thus prevented from having his day in court. █ Courts of equity will relieve a party from an unjust judgment rendered against him when, without service of process, either actual or constructive, no opportunity has been given him to be heard in his defense. (*Bernhard* v. *Waring,* 213 Cal. 175, 180 [2 P.2d 32]; *Parsons* v. *Weis,* 144 Cal. 410, 416 [77 P. 1007]; *Herd* v. *Tuohy,* 133 Cal. 55, 62 [65 P. 139]; *Martin* v. *Parsons,* 49 Cal. 94, 100.) █ The complaint in the present case unequivocally alleged that the affidavits of service of the summons and complaint in action No. 478-808 on the defendants Alma Stiebitz and The Escrow Corporation were false and fraudulent and that said defendants were not in fact served with the summons and complaint in that action. These allegations, if proved, were sufficient to establish extrinsic and collateral fraud and to state a cause of action.

█ As we read the record the objection was sustained by the court below upon the erroneous theory that because an action on the note and to foreclose the deed of trust was barred by the statute of limitations, plaintiff had no right which he could enforce—in effect, that plaintiff had no right which would be affected by enforcement of the judgment. The plea of the statute of limitations was available as a defense to an action to foreclose the deed of trust (Civ. Code, § 2911, Code Civ. Proc., § 725a; *Flack* v. *Boland,* 11 Cal.2d 103, 106 [77 P.2d 1090]), but the running of the statute of limitations on the principal obligation did not extinguish the debt or operate as payment (16 Cal.Jur. § 195, p. 599; *Flack* v. *Boland,* 11 Cal.2d 103, 106 [77 P.2d 1090]; *Bank of Italy etc. Assn.* v. *Bentley,* 217 Cal. 644, 655 [20 P.2d 940]; *Sacramento Bank* v. *Murphy,* 158 Cal. 390, 396 [115 P. 232]), it did not affect the title of the trustee under the deed of trust (*Sacramento Bank* v. *Murphy, supra,* p. 395; *Travelli* v. *Bowman,* 150 Cal. 587, 590 [89 P. 347]), nor did it operate to

extinguish the power of sale conferred upon him. (*Welch* v. *Security-First Nat. Bk. of L. A.,* 61 Cal.App.2d 632, 635 [143 P.2d 770].) The power of sale under a deed of trust may be exercised after an action on the principal obligation is barred. (*Summers* v. *Hallam Cooley Enterprises,* 56 Cal.App.2d 112, 113 [132 P.2d 60].)  ■  The fact that a debt secured by a deed of trust is barred by the statute of limitations does not invalidate an assignment by the beneficiary of his interest thereunder. (*U. S. Fid. & Guar. Co.* v. *Postel,* 64 Cal.App.2d 567, 571 [149 P.2d 183], and cases there cited.) "The rule in this state is that where a privity of relation exists the mortgagor [here the successor of the trustor—the plaintiff in action No. 478-808] cannot quiet title without paying his debt." (*Fontana Land Co.* v. *Laughlin,* 199 Cal. 625, 639 [250 P. 669, 48 A.L.R. 1308].)  ■  A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness. (*Grant* v. *Burr,* 54 Cal. 298, 301; *Burns* v. *Hiatt,* 149 Cal. 617, 621 [87 P. 196, 117 Am.St.Rep. 157]; *Hall* v. *Arnott,* 80 Cal. 348, 354 [22 P. 200]; *Brown* v. *County of Los Angeles,* 77 Cal. App.2d 814, 816 [176 P.2d 753]; *Ephriam* v. *Nevada & California Land & Live Stock Co.,* (9 Cir.) 282 F. 610, 612; anno. 164 A.L.R. 1393.)

■  It is clear that plaintiff, as assignee of the beneficiary under the deed of trust, has rights which entitle him to maintain an action to set aside the judgment upon the grounds alleged.

We conclude that the complaint states facts sufficient to constitute a cause of action and that the objection to the reception of any evidence should have been overruled.

The notice of appeal is sufficient.  ■  Specific designation of the court to which the appeal was taken was not necessary to vest in the proper court jurisdiction of the appeal. (Rules on Appeal, 1(a), 22 Cal.2d 1; *Hersh* v. *Garau,* 110 Cal.App. 198, 199 [293 P. 860].)

Judgment reversed.

Shinn, P. J., and Wood, J., concurred.

A petition for a rehearing was denied December 15, 1948, and judgment and opinion were modified to read as above.

Respondents' petition for a hearing by the Supreme Court was denied January 31, 1949.