[Civ. No. 16896. Second Dist., Div. One. June 21, 1949.]

CARL R. KAYS, as Executor, etc., Appellant, v. ROSS F. BUNDY et al., Respondents.

Louis Budway and Kenneth K. Wright for Appellant.

Simon, Fox & Fraider, Stanley E. Fox and William T. Selby for Respondents.

DORAN, J.—In this action to quiet title, the record reveals, as recited in respondents' brief that, "There are three separate interests represented in this litigation. Plaintiff and appellant, who is the successor in interest of Allie M. Kays. The original owners of the property in question who are Ross F. Bundy and Blanche A. Bundy. The respondents Dean A. Tobias, Helen M. Philpott and Title Insurance and Trust Company, holders of a trust deed."

The record further reveals as recited in respondents' brief that, "On August 31, 1930, Bundys, who were then the owners of the property in question, mortgaged it to Allie M. Kays to secure a note for $8,000.00. The mortgage note was due August 31, 1935, and in normal course of events would have been barred by the statute of limitation August 31, 1939. On September 10, 1932, the trust deed to Tobias was made by Bundys, that being second to the Kays mortgage.

"On October 15, 1940, Allie M. Kays commenced an action to foreclose the mortgage. That action was never brought to trial nor was service made upon the parties defendant. The action was subject to dismissal pursuant to Section 581a of the Code of Civil Procedure for want of prosecution and was treated at the trial by all parties as being of no force and effect and upon appeal appellants so treat the action. At the trial respondents Tobias moved dismissal of that action because of the want of prosecution. The lower Court first granted the motion to dismiss, then withdrew the order granting the motion to dismiss recognizing that the action was subject to dismissal but stating that the matter was not before the particular department of the court.

"On June 1, 1942, Bundys executed a deed to Allie M. Kays of the property in question and deposited that deed with Allie M. Kays' attorney. The deed was not recorded until after the death of Allie Kays. The Trial Court held

that the deed was not delivered and was not effective as a conveyance of the property. . . .

"It was shown at the trial that there was a transaction entered into between Bundys and Allie M. Kays whereby Allie M. Kays agreed to resell it to Bundys for six thousand dollars ($6,000.00) upon receiving title to the property and clearing the Tobias obligation. It was not possible to clear off the Tobias trust deed so that transaction never was completed. However, beginning in 1942 and continuing without interruption, Bundys paid to Kays, or the successors of Kays, monthly amounts equal to six per cent (6%) interest on six thousand dollars ($6,000.00). The court found that the payments were not made as payments upon the original mortgage note.

"There was a later action started to foreclose the mortgage but that was dismissed by appellants."

The answer of defendants Bundy set up ten separate defenses and a cross-complaint to quiet title as well.

At the conclusion of the trial the following occurred:

"THE COURT: . . . On the complaint, the Court gives judgment for the defendants Ross F. Bundy and Blanche A. Bundy, the Title Insurance and Trust Company, a corporation, formerly Title Guarantee and Trust Company, a corporation, Deane A. Tobias and Helen M. Philpott.

"Now, do you want to move to dismiss your cross-complaint?

"MR. FOX: Your Honor, on behalf of the defendants and cross-complainants, Ross F. Bundy and Blanche A. Bundy, husband and wife, I move to dismiss the cross-complaint on file in this action.

"THE COURT: No objection having been made, your motion is granted.

"You will prepare findings in accordance with judgment."

The findings and judgment that followed provided accordingly and in addition thereto, although as above noted, defendants' cross-complaint had been dismissed, the judgment quieted title in defendants Bundy.

It is contended by appellant that, "There is probably no rule better settled in equity jurisprudence than that which requires the payment by a litigant of obligations relating to the subject matter of the action before equity will interfere on his behalf, and thus a mortgagor may not quiet title against a mortgage unless and until he pays his debt secured by the mortgage, whether or not the statute of limitations has run

against the obligation (*Fontana Land Co.* v. *Laughlin*, 199 Cal. 625 [250 P. 669, 48 A.L.R. 1308]). This, of course, for the reason that the running of the statute of limitations does not extinguish the debt or operate as payment (*Flack* v. *Boland*, 11 Cal.2d 103 [77 P.2d 1090])."

Appellant's contention finds abundant support in the authorities. (See, also, *Sipe* v. *McKenna*, 88 Cal.App.2d 1001 [200 P.2d 61].) ■ Moreover the evidence shows payments to have been made on the debt in question whether denominated rent or interest and the finding to the contrary lacks support in the evidence; the defendants Bundy are in no position to seek refuge in the statute of limitations.

■ It should be noted also that the Bundy cross-complaint having been dismissed, there is no basis in the pleadings for the judgment entered. The issue as to whether the title should be quieted in defendant Bundy was not raised in the complaint and answer.

The judgment is reversed and the cause remanded for a new trial.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied July 11, 1949, and respondents' petition for a hearing by the Supreme Court was denied August 18, 1949.