[S. F. No. 7569. In Bank.—February 18, 1918.]

## FLOYD C. THOMAS, Substituted, etc., Appellant, v. H. C. FURSMAN et al., Respondents.

ASSIGNMENT OF CAUSE OF ACTION—ACKNOWLEDGMENT AS PRIMA FACIE PROOF.—The certificate of a notary to the acknowledgment, by the assignor, of a written assignment of a cause of action is, under section 1948 of the Code of Civil Procedure, *prima facie* proof of the execution of such assignment, and where, on the trial of an action, the execution of an alleged assignment of the cause of action was in issue, an assignment duly acknowledged and attested before a notary was introduced in evidence, and no evidence was introduced to controvert this *prima facie* proof, the trial court erred in finding that the due execution and delivery of the assignment of the cause of action had not been proven.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CONFLICTING SWORN STATEMENTS OF DEFENDANT—ERRONEOUS DENIAL OF MOTION.—Where an important issue in an action was whether one L. was the agent of the defendant with authority to engage the services of the plaintiff's assignor, and to use the machines, materials, and supplies of the plaintiff's assignor, for the furnishing of which the action was brought, and where, after the trial court had found in the defendant's favor on that issue, basing its findings on the positive testimony of the defendant that L. was not his agent and had no such authority, the plaintiff, upon a motion for a new trial, on the ground of newly discovered evidence, produced the defendant's verified complaint in an action commenced by the defendant subsequently to his having so testified, in which complaint he explicitly averred that L. was his duly authorized agent at all times and in relation to all matters wherein the services of the plaintiff's assignor had been enlisted, the trial court erred in refusing a new trial, since the defendant had either testified falsely as a witness in the instant case or as a complainant in the subsequent one.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Joseph K. Hutchinson, and Walter Slack, for Appellant.

H. L. Clayberg, and Clayberg & Whitmore, for Respondents.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in favor of the defendant R. Waymire, and from an order denying the plaintiff's motion for a new trial. The action was brought to recover for services rendered and for machines, materials, and supplies furnished by one M. A. Varney to the defendants in connection with the performance of certain annual assessment work upon certain placer mining claims at Searles Lake in San Bernardino County, said claims having each been located in the name of one or other of the several defendants herein. These several locations appear to have been made by one Henry E. Lee, acting on behalf of each of the defendants in the making thereof, and the plaintiff alleged that he had been employed by said Henry E. Lee as the agent of each of said defendants to furnish, equip, and operate two automobiles which were to be used in transporting the necessary men, material, and supplies required in doing the annual assessment work of each of the defendants upon these claims. The defendant Waymire, in his verified answer, denied the authority of said Lee to act as his agent in the employment of the plaintiff or to use the machines, materials, or supplies alleged to have been furnished by him. The cause came on for trial in the early part of the year 1914, and on April 13th of that year the trial court made a minute order directing judgment in favor of the plaintiff and against the defendant Waymire. The action had originally been begun in the name of said Varney, but in the meantime, and prior to said order for judgment, the plaintiff had made an assignment of his claim to Floyd C. Thomas, who, after said order for judgment, moved the court for permission to have himself substituted as plaintiff in the action, and also for leave to file an amended complaint set-

ting up such assignment, and also correcting certain other discrepancies in the original complaint. The court granted said motion,' and after such amendment had been made and on June 14th filed its findings and judgment in favor of the substituted plaintiff in the action. On the same day the defendant Waymire served and filed a notice of motion to set aside the judgment just entered against him upon the ground, among others, that no copy of the complaint as amended had been served upon him. The court granted said motion and permitted the defendant Waymire to answer the amended complaint. This he did, at first by way of demurrer, which the court overruled; whereupon he filed an answer repeating his former denials and further denying the sufficiency of the assignment of the cause of action. The court thereupon proceeded to hear evidence upon the issue presented as to the genuineness and due execution of said assignment and as to the delivery thereof, with the result that judgment was ordered in favor of the defendant Waymire, the court making general findings in his 'favor upon the issue of the alleged want of authority in Lee to act as his agent in the employment of the plaintiff's assignor, or in the use of the machines, material, and supplies alleged to have been furnished by the latter. The court also particularly made its finding in favor of Waymire upon the issue as to the due execution and delivery of the assignment, holding that due execution or delivery of such assignment had not been proven. The plaintiff in due time moved for a new trial upon a number of grounds, among which was the insufficiency of the evidence to justify the finding of the court that no proper delivery of the assignment in question had been shown; and upon the further ground of newly discovered evidence. In support of this latter ground the plaintiff filed an affidavit setting forth the fact that after the trial of the cause, wherein the defendant Waymire had testified that Henry E. Lee was not his authorized agent in making the arrangements with the plaintiff's assignor upon which this suit was predicated, he, Waymire, had commenced an action against several of his former associates in the matter of making the locations at Searles Lake and of doing the assessment work thereon, and that in his verified complaint in said action, which was made a part of said affidavit, said Waymire had averred explicitly that the said Henry E. Lee

was his duly authorized agent in relation to all such matters. The plaintiff's motion for a new trial having been denied upon all the grounds stated, he prosecutes this appeal from the judgment and order so made.

In support of the appellant's contention that the trial court was in error in its finding to the effect that the due execution and delivery of the assignment of the original plaintiff's cause of action to the substituted plaintiff and present appellant herein had not been proven, appellant called attention in his opening brief herein to the fact that the written assignment in question had been produced in court by the attorney of record originally for the assignor, but at the time of trial for the assignee, who knew nothing of his own knowledge as to the signature of the assignor or as to the delivery of the assignment, his only knowledge upon the subject being derived through correspondence with certain other attorneys who had retained him to represent the original plaintiff, and from whom he had received the assignment in question. It is, to say the least, very doubtful whether this evidence standing alone in the record would have been sufficient to have supported a finding as to the due execution and delivery of the assignment in question; but upon petition for rehearing the appellant for the first time directs our attention to the fact, as shown in the record, that the assignment in question was acknowledged before a notary public, who had duly certified to the execution thereof by the assignor. This additional showing being entirely uncontradicted puts a new phase upon the situation, and furnishes sufficient *prima facie* proof of the due execution and delivery of the assignment in the absence of evidence to the contrary. Section 1933 of the Code of Civil Procedure provides that "the execution of an instrument is the subscribing and delivering it, with or without affixing a seal." Section 1948 of the Code of Civil Procedure provides that "every private writing, except last wills and testaments, may be acknowledged or proved and certified in the manner provided for the acknowledgment or proof of conveyances of real property, and the certificate of such acknowledgment or proof is *prima facie* evidence of the execution of the writing, in the same manner as if it were a conveyance of real property." Section 1951 of the Code of Civil Procedure provides that, "Every instrument conveying or affecting real

property, acknowledged or proved and certified, as provided in the Civil Code, may together with the certificate of acknowledgment or proof, be read in evidence in an action or proceeding, without further proof." The assignment in question having been thus duly acknowledged and attested, and having been produced in court from the possession of the assignee, and there having been introduced no evidence whatsoever to controvert the *prima facie* showing of the due execution and delivery of said assignment thus made, the trial court was in error in making its finding contrary to the facts thus proven. The other points urged by the appellant as grounds for a reversal relate, with one exception, to matters of procedure during the trial of the cause, and are not of sufficient merit to require consideration here. The appellant, however, contends that the court improperly denied his motion for a new trial upon the ground of newly discovered evidence, and since this point relates directly to the credibility of the defendant Waymire, upon whose testimony as a witness at the trial the court made its finding to the effect that Henry E. Lee was not the authorized agent of said Waymire in making the engagements with the plaintiff's assignor out of which this action arose, the appellant's contention in this regard merits consideration here. Upon the trial of the cause the defendant Waymire testified in positive terms that said Henry E. Lee was not his agent, and had no authority as such to engage the services or use the machines, material, or supplies of the plaintiff's assignor as set forth in the complaint. Upon his testimony as thus given the court found in his favor upon this issue. Upon motion for a new trial the plaintiff produced the verified complaint of said Waymire in an action commenced by him subsequently to his testimony as thus given, wherein said Waymire explicitly averred that said Henry E. Lee was his duly authorized agent at all of the times and in relation to all of the matters wherein the services of the plaintiff's assignor had been enlisted. This showing was undisputed by the said defendant Waymire, and in our opinion it furnished, in view of the circumstances of this case, a compelling answer why the plaintiff's motion for a new trial should have been granted, since it showed that the defendant Waymire had testified falsely either as a witness at the trial of the instant case or as a complainant in the subsequent one.

Upon both of the foregoing grounds, therefore, the judgment and order are reversed and the cause remanded for a new trial.

Sloss, J., Melvin, J., Wilbur, J., and Angellotti, C. J., concurred.