[L. A. No. 11304.  In Bank.—September 23, 1931.]

JAMES H. THOMAS, Respondent, v. C. W. PETERSON et al., Appellants.

J. Everett Brown for Appellant.

Overton, Lyman & Plumb for Respondent.

THE COURT.—This is an action to quiet title to certain real property in the city of Los Angeles. Defendant's claim is based upon a deed from the city treasurer of Los Angeles, executed and delivered after a sale of the property for nonpayment of an installment of a street improvement bond issued under the Vrooman Act (Deering's General Laws, Act 8208). The trial court concluded that the proceedings upon which such title was founded were fatally defective, and rendered judgment quieting the title of plaintiff, the original owner.

674

■ The rule that proceedings for the sale of property for default in taxes or local assessments must strictly comply with the statutory requirements is settled. Several defects were shown in the proceedings involved herein. ■ The statute requires that the treasurer keep a record book open to public inspection, in which he must among other things enter the date of the bond, before delivery of the certificate of sale. (Act, sec. 5, subd. f; Deering's General Laws, Act 8208, p. 3435.) This was not done. The absence of a date, where required by a taxing statute, has been held to be material. (*Preston* v. *Hirsch,* 5 Cal. App. 485 [90 Pac. 965]; *Shipman* v. *Forbes,* 97 Cal. 572 [32 Pac. 599]; *Hinds* v. *Clark,* 173 Cal. 49 [159 Pac. 153].) The same section of the above-mentioned statute requires the treasurer, before delivering any certificate, to enter on the record of the bond the words "cancelled by sale of property", and this entry was omitted. ■ It further appeared that the affidavit of posting of notice to redeem, filed by the purchaser, did not show that the notice was posted in a conspicuous place on the property, as required by section 5, subdivision j, of the act. The affidavit states only that the notice was posted "in a conspicuous place upon the property", and it has been held that such a statement is too general to meet the requirements of the statute. (See *Hindle* v. *Warden,* 50 Cal. App. 356 [195 Pac. 428]; *Hennessy* v. *Hall,* 14 Cal. App. 759 [113 Pac. 350].)

■ Defendant has shown no authority which would support the title he claims, and his only other contention is that plaintiff's title is also defective, and that the judgment quieting that title was consequently unwarranted. The objection is that in the chain of title there is a deed from a corporation, and that no showing was made of its corporate existence and payment of license taxes. The deed bore the corporate seal and was acknowledged. When an instrument conveying real property is acknowledged, as was this deed, it may be read into evidence without further proof, and when recorded, its genuineness and due execution and delivery are presumed. (Cal. Code Civ. Proc., sec. 1951; *Thomas* v. *Fursman,* 177 Cal. 550 [171 Pac. 301].) The corporate seal also gives *prima facie* validity to the instrument. (*Miners' Ditch Co.* v. *Zellerbach,* 37 Cal. 543 [99

Am. Dec. ·300] ; *Burnett* v. *Lyford,* 93 Cal. 114 [28 Pac. 855].)

The judgment is affirmed.