[Civ. No. 1706.   Fourth Appellate District.—May 8, 1935.]

HANNAH SINGER, an Incompetent Person, etc., et al., Respondents, v. MINNIE BRIGGS, Appellant.

N. B. Nelson for Appellant.

Gabriel C. Duque for Respondents.

BARNARD, P. J.—This is an action to cancel a deed and to quiet title to a certain lot in Los Angeles County. Among other things, the complaint alleges that Hannah Singer and Joseph Singer were married in 1891; that they acquired the lot in question as their community property; that on November 18, 1926, Joseph Singer, without the consent of Hannah Singer and without consideration, executed a grant deed purporting to convey the property to the defendant; that this deed was acknowledged March 5, 1927, and recorded March 24, 1932; that this deed was never delivered by the said Joseph Singer; that he died on April 8, 1931; and that the defendant did not come into possession of the deed until after March 1, 1932, when she received it from one Vern Dumas, a friend and associate of Joseph Singer. In her answer the defendant admits that she received said deed from Vern Dumas on or about March 14, 1932, and sets forth a copy of the deed, including the time and place it was recorded, as the basis of her claim to the property. In a cross-complaint she asked to have her title quieted in and to an undivided one-half interest in the property.

At the trial it was stipulated that the property involved was the community property of the incompetent plaintiff and her husband; that the defendant did not receive the deed in question until on or about March 15, 1932; and that Hannah Singer has been incompetent since about 1913. Certain testimony was then taken, after which the court made findings in all respects in favor of the plaintiffs, finding, among other things, that the deed in question had never been delivered by Joseph Singer. Judgment was entered canceling the deed

and quieting title in the plaintiffs, and the defendant has appealed.

■ The only point raised is that the evidence is not sufficient to support the finding that this deed was not delivered within the lifetime of Joseph Singer. The evidence is exceedingly meager. The appellant, called as a witness for the respondents under section 2055 of the Code of Civil Procedure, testified that she received this deed some time in March, 1932; that she had kept house for Joseph Singer since 1918 and had cared for him through one spell of sickness; that at some time, probably a couple of months after the date of the deed, Joseph Singer gave her "a carbon copy of the deed"; that he then said: "That is the real original deed"; and further, "He said if I stuck with him and kept house for him that that house was mine; that I would never be sorry for what I had done for him." She further testified that Mr. Singer told her at the time he gave her the carbon copy that she was to have the original if she stuck by him. She also testified that she received a letter from Mr. Dumas when he forwarded the deed to her. Her attorney was asked for this letter, but replied: "I don't care to show it." The appellant introduced in evidence the original deed as recorded, stating to the court that this was the deed a copy of which was set forth in the answer.

The appellant now maintains that this evidence shows that a deed was delivered to her, because it appears therefrom that the deed was executed in duplicate and the carbon copy thereof must be considered as an original, under section 1947 of the Code of Civil Procedure. That section has no application to such an instrument as a deed. Moreover, such a claim was not set up in the answer, was not made in the trial court, and is here raised for the first time. Aside from other considerations, there is no evidence that the carbon copy was properly executed as a deed, the same was not produced or offered in evidence, and there was no evidence which would have justified the court in treating it as an original deed. The only evidence indicates that Singer did not intend to deliver the deed to the appellant until some time in the future, and then only upon a certain condition. The evidence is sufficient to support the court's finding on the only issue presented.

■ Some contention is made that the delivery of the deed in question was admitted by the pleadings and that the finding of nondelivery is outside of the issues. This is based upon the contention that the appellant set up a copy of the deed in her answer and that the respondents admitted the delivery thereof by failing to file an affidavit in accordance with the provisions of section 448 of the Code of Civil Procedure. It is therefore argued that under such cases as *Thomas* v. *Furzman*, 177 Cal. 550 [171 Pac. 301], a *prima facie* showing of due delivery was made. This code section and such cases as that referred to have no application here. The complaint alleged the execution of the deed with a complete description thereof, including the time and place of recording, and then alleged that it had never been delivered. An issue as to this was raised by the answer and the case was tried upon that issue. A further denial of the fact of delivery would have been a vain and useless thing (*Cox* v. *Schnerr*, 172 Cal. 371 [156 Pac. 509]). ■ There was other evidence to controvert any *prima facie* showing or any presumption of due execution and delivery which might appear from the face of the deed and the court was justified in accepting such other evidence. (*Cox* v. *Schnerr, supra.*) It fully appears that the original deed was not delivered until after the death of Joseph Singer and the appellant has entirely failed to produce any proof with respect to the delivery of a claimed duplicate thereof which could affect the situation.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.