[Civ. No. 5614. Third Appellate District.—July 20, 1936.]

LOUISE L. HECTOR et al., as Coexecutors, etc., Petitioners, v. THE SUPERIOR COURT OF PLACER COUNTY, Respondent.

Butler, Van Dyke & Harris for Petitioners.

T. L. Chamberlain and R. C. McKellips for Respondent.

STEEL, J., *pro tem.*—This is a proceeding in *mandamus* by which petitioners seek to compel the respondent court to proceed with the trial of a certain action pending in said court upon a rejected probate claim.

██ The plaintiff Phillips is a coexecutor with the defendants Hector (petitioners herein), and the claim in dispute is based upon a promissory note alleged to have been executed by decedent to plaintiff together with an acknowledgment of indebtedness in the like sum to cover the same obligation, which is also alleged to be owned and held by the plaintiff.

The record discloses that the promissory note and statement of indebtedness were found by the executors in decedent's safe deposit box, wherein claimant states he kept them and to which he claims to have had joint access with decedent.

Prior to the date set for trial in the rejected claim suit, the claimant Phillips filed another action against the coexecutors Hector to quiet title to and secure the possession

of said promissory note, and thereupon moved the respondent court for an order postponing the trial of the first suit until the trial of the second. The respondent court granted the motion and hence this proceeding in mandate to compel said court to proceed with the trial of the first action upon the rejected claim.

The action of the respondent court is within its administrative discretion in the conduct of the court's business, and the record presents no abuse thereof. It is not to be anticipated or presumed that there will be any undue delay in the trial of the second action and in the absence of such a showing, the respondent court is clearly entitled to regulate the order of the trial of the two actions.

█ While the foregoing considerations control the issuance of the writ, petitioners urge that the plaintiff in these actions is incompetent as a witness in both.

While the plaintiff cannot in his action upon the rejected claim—the first action—testify as to any matter of fact occurring before the death of decedent (subdivision 3 of section 1880, Code Civ. Proc.), the statute is limited in terms to an action upon a "claim or demand" against the estate.

"Anything to which a person may hold a legal title is property, whether it has any market value or not. It may have intrinsic value, but no exchangeable value. It may serve a useful purpose and yet be unsalable and unexchangeable. No one may want it, or have a use for it, except he who possesses it, and yet to him it may be a thing of value, that is, of intrinsic value, something that can be utilized in the accomplishment of his purposes or the attainment of his desires. What do we mean when we say that a particular, visible, tangible thing is the property of a designated person? Do we necessarily mean that it is something which he can sell in the market or exchange for something else? We do not think so. May not even an old letter, a faded photograph, or a lock of hair, treasured because of the associations and memories which the mere sight of it invokes, be the property of the person who possesses, treasures, and cherishes it, although no one else would care to possess it or give anything whatever in exchange for it?" (*Moody* v. *State,* 127 Ga. 821 [56 S. E. 993].)

The second action is one to establish plaintiff's title and right to possession of the promissory note and documents

sued upon in the first action. Obviously it is not an action to enforce the note or any of these documents as any claim or demand against the estate, and, therefore, does not come within the bar of the statute.

The peremptory writ is hereby denied.

Thompson, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 19, 1936.