[Civ. No. 14184.   Second Dist., Div. Two.   Dec. 7, 1943.]

LAURA GRIMM WELCH, as Executrix, etc., Appellant, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), as Purported Trustee, etc., et al., Respondents.

Richard A. Haley for Appellant.

Chase, Barnes & Chase for Respondents.

McCOMB, J.—This action was brought by plaintiff as the executrix of the estate of Ferdinand Albert Heim, deceased, to quiet title to a parcel of land standing in decedent's name as against the lien of a deed of trust executed by Mr. Heim in his lifetime.

From a judgment in favor of defendants after trial before the court without a jury, plaintiff appeals.

The evidence being viewed in the light most favorable to defendants (respondents), the essential facts are:

During his lifetime, Ferdinand Albert Heim was the owner of Lot 8, Block 3 of Angeleno Heights in the city of Los Angeles. On April 29, 1933, Mr. Heim executed and delivered a promissory note in favor of the Security-First National Bank of Los Angeles in the sum of $2,540. On the same date, as security for the aforesaid note, he executed a deed of trust covering the note above described. The Los Angeles Trust & Safe Deposit Company was named as trustee and the Security-First National Bank of Los Angeles as beneficiary. On May 8, 1933, Ferdinand Heim, an uncle of the deceased, purchased the note and the trust deed above mentioned from the Security-First National Bank of Los Angeles, and said note and trust deed were duly assigned to him on December 24, 1934. Mr. Ferdinand Heim assigned the note and deed of trust to defendant Pedroarena on September 8, 1941. Ferdinand Albert Heim died on September 16, 1941. Thereafter the note, trust deed and assignments were sent by defendant Heim to defendant Pedroarena.

Plaintiff relies for reversal of the judgment upon three propositions, which will be stated and answered hereunder seriatim.

*First*: *There was not any substantial evidence to sustain the trial court's finding that defendant Heim (a) purchased the note and deed of trust from the Security-First National Bank, (b) assigned the note and trust deed to defendant Pedroarena.*

■ (a) This proposition is untenable. Defendant Heim, according to his deposition testified in substance as follows:

That his deceased nephew had executed the note and deed of trust which are involved in the present litigation; that he knew the signature of decedent and that it appeared on both the note and deed of trust; that he had purchased the note from defendant bank and subsequently, on December 24, 1934, assigned it to defendant Pedroarena; that he held it in trust for her until September 16, 1941, when he forwarded it to her; and that at no time while he held the note was any sum paid upon it.

The foregoing testimony clearly supports the trial court's finding that defendant Heim purchased from defendant Security-First National Bank the note and trust deed which his nephew had executed.

■ (b) Defendant Pedroarena attached to her verified answer and made a part thereof a photostatic copy of the assignment to her by defendant Heim of the note and trust deed here involved. Plaintiff did not, by affidavit, deny the genuineness and due execution of such assignment. Therefore under the provisions of section 448 of the Code of Civil Procedure plaintiff admitted that such assignment was genuine and duly executed. This admission constitutes substantial evidence to support the trial court's finding that the note and trust deed were duly assigned by defendant Heim to defendant Pedroarena.

Plaintiff alleged in her complaint:

"That Plaintiff alleges that the said Anna Pedroarena has no legal right or title to the aforesaid Deed of Trust in that the same has never in any manner been assigned or transferred to the said Anna Pedroarena.

"That Anna Pedroarena has no legal right to said Trust Deed or its Note for the reason that she is in no way a party to or a holder of the aforesaid Note and Trust Deed. . . ."

Neither of the foregoing allegations constitutes a denial of the genuineness and due execution of the assignment attached as an exhibit to defendant Pedroarena's answer.

*Cox* v. *Schnerr*, 172 Cal. 371 [156 P. 509]; and *Singer* v. *Briggs*, 6 Cal.App.2d 665 [45 P.2d 436] are not here in point since they are factually distinguishable from the instant case. In the *Cox* case the verified pleading specifically denied the execution and delivery of the document there involved.

In the Singer case the complaint alleged the execution of a deed and the answer specifically denied the execution of such deed.

■ Second: *Defendants' claims were barred by laches since eight years and four months elapsed between the date of the execution of the documents here involved and the date of the death of Ferdinand Albert Heim, the payor and trustor, without defendants' taking action of any kind to protect their interest.*

This proposition is also untenable and is governed by the rule that enforcement of a power of sale contained in a deed of trust is never outlawed by the lapse of time alone. (*Bank of Italy etc. Assn.* v. *Bentley,* 217 Cal. 644, 655 [20 P.2d 940].)

■ Third: *The trial court committed prejudicial error in receiving over objection the deposition of Ferdinand Heim contrary to the provisions of section 1880, subdivision 3, of the Code of Civil Procedure.*

This proposition is also without merit. The law is established in California that a lien of a trust deed or mortgage is not a claim within the meaning of section 1880, subdivision 3 of the Code of Civil Procedure. (*Porter* v. *Van Denburgh,* 15 Cal.2d 173, 176 [99 P.2d 265]; *Bollinger* v. *Wright,* 143 Cal. 292, 296 [76 P. 1108]; *Hector* v. *Superior Court,* 15 Cal. App.2d 552, 554 [59 P.2d 591]; *Silva* v. *Dias,* 46 Cal.App.2d 662, 664 [116 P.2d 496].)

Applying the foregoing rule to the facts in the instant case, it is evident that since this was a quiet title action to remove a cloud on the title to real property created by the lien of a trust deed, defendant Heim's testimony did not fall within the provisions of section 1880, subdivision 3 of the Code of Civil Procedure, but such testimony was properly received in evidence.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.

Mr. Justice W. J. Wood, deeming himself disqualified, did not participate in the foregoing decision.

Appellant's petition for a hearing by the Supreme Court was denied February 3, 1944.