357 P.2d 331

Clarence M. NICHOLAS and Mary Ida Nicholas, husband and wife, Mable Taylor, a widow, and Harold Taylor, husband of Olive Taylor, Appellants,

v.

Florence J. FOWLER, a divorced woman, Appellee.

No. 6578.

Supreme Court of Arizona.

Dec. 1, 1960.

John M. Levy and Emmett R. Feighner, Phoenix, for appellants.

Gibbons, Kinney & Tipton, Phoenix, for appellee.

LESHER, Justice.

This is an appeal from a judgment quieting the plaintiff-appellee's title to certain real property. That title derives from a deed executed and delivered to her predecessor in title by the Superintendent of Streets of Maricopa County in foreclosure of a lien for special assessment.

The appellants Nicholas were the owners of the property, a vacant lot, when the assessment was levied. Their appeal is based upon the proposition that the appellee's predecessor in title, who bought the land at the foreclosure sale, failed to comply with the requirements of A.R.S. § 11–743. That statute reads:

*"Deed to purchaser; notice to owner; redemption after notice; effect of deed;*

"A. After the expiration of twelve months from the date of sale, the superintendent shall execute to the purchaser, or his assignee, on his application, if he has fully complied with the provisions of this section, a deed to the property sold in which shall be recited substantially the matters contained in the certificate, any assignment thereof, and that no person has redeemed the property. The superintendent shall re-

ceive from the applicant for a deed, one dollar for making the deed, unless the district is the purchaser.

"B. The purchaser shall, at least thirty days before he applies for a deed, *serve upon the owner,* and if occupied, upon the occupant of the property, a written notice that the property, giving the description, has been sold for a delinquent assessment, specifying the improvement for which the assessment was made, the amount for which the property was sold, the amount necessary to redeem at the time of giving notice and the time when the purchaser or assignee will apply to the superintendent for a deed. *If the owner cannot be found after due diligence, the notice shall be posted in a conspicuous place upon the property at least thirty days before the time stated therein of the application for a deed.*

"C. The applicant shall file with the superintendent an affidavit showing that notice of the application has been given, and if the notice was not served on the owner personally, *that due diligence was used to find the owner.* If redemption of the property is made after the affidavit is filed, and more than eleven months from the date of sale, the person making the redemption shall pay, in addition, for payment to the purchaser, three dollars for the service of notice and the making of the affidavit.

"D. The deed of the superintendent shall be prima facie evidence of the truth of all matters recited therein, and of the regularity of all proceedings prior to the execution thereof, and of title in the grantee." (Emphasis supplied.)

It is conceded that the appellants Nicholas were never personally served with the notice required by subsection B. Instead, the buyer gave notice by posting. These appellants contend (1) that the affidavit referred to in subsection C was legally insufficient and (2) that the requirements of subsection B as to posting of notice were in fact not met.

The affidavit filed by the buyers here consisted of a mimeographed form which provided blank spaces to be filled in by the affiant. As completed and filed by her it appeared thus:

"Certificate of Sale
"No. 833

"Affidavit

"I Hereby Certify that properly executed written 'Notice of Intention to Apply for Deed',
(a copy of which is hereto attached) to real property sold to G. M. Carlson under the above captioned Certificate of Sale number, on account of delinquent street improvement assessment, was personally served or disposed of by me, as indicated in paragraphs numbered below, viz:

"1. Served Notice on Owner _____
 at _____
 Address where served

"2. Served Notice on Occupant _____
 at _____
 Address where served
 at the hour of _____ M., _____, 19 __

"3. Posted Notice on Property at the hour of _____ M.,
 _____, 19 ___.
 said property being located at _____

"4. Posted Notice on Property: Unable to serve notice on owner because: vacant lot owner lives in another state.
 "Posted Notice on property at the hour
 of _____ M., _____, 19 ___.

"5. Notice by Registered Mail: (Return Receipt Requested and is attached hereto) was made on owner, (see Paragraph 4) on July 27, 1955, Clarence M. and Mary Ida Nicholas, Box 72, Pendleton, Oregon.
 "Purchaser G. M. Carlson
 "Address 2330 N. 7th Ave.

"The foregoing instrument subscribed and sworn to before me this 27th day of July 1955.
 "/s/ Lee Hanks
 "Notary Public

"My Commission Expires:
"Feb. 6, 1956.
"(Seal)"

The owner appellants' position with respect to this affidavit is stated thus: The statute requires that the affidavit show that "due diligence was used to find the owner", if

notice was by posting; the affidavit does not show the use of due diligence; such a showing was a condition precedent to the issuance of a deed; for lack of that showing the sale and deed were absolutely void, without regard to what in a subsequent proceedings might be shown to have actually been done to find the owner. We agree.

 Statutes providing for foreclosure by deed of assessment liens are to be strictly construed. One who relies for his title on such a deed must show that the governing statutes have been strictly complied with.

" * * * 'Assessments for street improvements, like tax proceedings, are in invitum, and where the statute prescribes the notice which is to divest the owner of his title, that notice must be given. None other will suffice. A court will not be justified in saying that some other kind of notice would be equally effective. The express requirements of the statute cannot be avoided on the ground that they serve no useful purpose. It is never a question whether, by reason of some omission, the owner has been injured or misled; but whether there has been a compliance with everything the law makes a condition precedent to the right to a deed." Warden v. Gries, 120 Cal.App. 187, 7 P.2d 342, 343.

And, from Thomas v. Peterson, 213 Cal. 672, 3 P.2d 306, 307:

"The rule that proceedings for the sale of property for default in taxes or local assessments must strictly comply with the statutory requirements is settled * * *."

The affidavit in question here, in attempting to set forth facts showing the use of due diligence, stated merely that the owner lived in another state. It did not say what efforts were made to find the owner, or even that any effort was made at all. It notes that an attempt was made to serve the owner by registered mail but does not state the result of that attempt, nor does it show where and how the address was obtained, or even in any way connect that address with the true address of the owner. As a matter of law this affidavit is insufficient.

 The statute by its terms requires that a deed shall issue to the purchaser "if he has fully complied with the provisions of this section." Where posted notice is relied on, full compliance with the statute includes the filing of an affidavit showing on its face facts which amount in law to the use of "due diligence" to serve the owner personally. Such an affidavit, sufficient on its face is a clear condition precedent to the issuance of a deed. Where an affidavit makes no sufficient showing, a deed issued on the basis of such affidavit is void as against the owner and persons having prior legal or equitable interests in the property.

**12**

The appellants Taylor are mortgagees of the property whose lien antedates the assessment lien foreclosure sale. What we have said above makes it inappropriate that we here consider the various other assignments of error which they and the appellants Nicholas have specified. The deed issued to appellee's predecessor could confer no rights in appellee as against any of these appellants.

The judgment appealed from is in all respects reversed.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN and UDALL, JJ., concur.