NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

THERESA L. FERNANDEZ, *Plaintiff/Appellee,*

*v.*

HOUSEOPOLY, LLC, an Arizona Limited Liability Company; MARK KOEPPEN, *Defendants/Appellants.*

No. 1 CA-CV 23-0461

FILED 08-15-2024

Appeal from the Superior Court in Mohave County
No. S8015CV202200004
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED IN PART;
REVERSED AND REMANDED IN PART**

COUNSEL

Spiess & Bell, PC, Phoenix
By James O. Bell
*Counsel for Defendants/Appellants*

Theresa L. Fernandez, Bullhead City
*Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

¶1 This is a quiet title action regarding a parcel of real property following the sale of a sewer assessment lien, the issuance of a Superintendent of Streets Deed (SOS deed), a transfer of ownership, a transfer of beneficial interest, and a subsequent trustee's sale. Houseopoly, LLC, and Mark Koeppen appeal from the grant of summary judgment quieting title to the property in favor of Theresa Fernandez and the denial of their motion for summary judgment. We find that Fernandez's failure to comply with the notice statute precluded the grant of summary judgment in her favor, and reverse that ruling. We affirm the denial of summary judgment on behalf of Houseopoly and Koeppen. We remand for further proceedings consistent with this decision.

**BACKGROUND**

¶2 In April 2016, Lewis Lowry conveyed real property in Bullhead City, Arizona (the Property) to Melissa Ortega by warranty deed. Contemporaneously with this conveyance, Ortega signed a promissory note for $67,500, secured by a recorded deed of trust naming Lowry beneficiary.

¶3 On March 19, 2018, the Bullhead City Acting Superintendent of Streets held an auction, selling a portion of the Property to satisfy an unpaid sewer assessment. Fernandez purchased the lien. She paid the delinquent sewer assessment of $3,708.18 to Bullhead City and received a Certificate of Sale. That certificate explained that Fernandez took a 39% interest in the Property, subject to the statutory right of redemption held by those with underlying interests in the Property. Should there be no redemption, Fernandez would be entitled to a deed to the portion of the Property she purchased on or after April 19, 2019.

¶4 On March 22, 2019, a year after buying the sewer assessment, Fernandez mailed two notices of sale to Ortega, the owner of the Property, by certified mail: one to Ortega's California address, and the other to the

Property's address. Fernandez also posted a copy of the notice on the Property itself.

**¶5**         On April 24, 2019, Fernandez submitted her deed application to the City. With that application she included the required notice affidavit avowing she had served the interested parties but did not mention sending notice to Lowry, the beneficiary under the deed of trust. The next day, the City issued an SOS deed conveying 39% of the Property to Fernandez. To reflect the change in ownership, the Property's legal description was altered to show the division of the parcel into two parts. The County Assessor also assigned new Parcel numbers: 214-20-085A (Parcel A) to Ortega's portion and 214-20-085B (Parcel B) to Fernandez's portion of the Property. Fernandez recorded her SOS deed on April 29, 2019.

**¶6**         After the SOS deed was recorded, in May 2019, Fernandez mailed notice of the sale to Lowry. The envelope was returned later that month and labeled "RETURN TO SENDER – DECEASED." Fernandez then submitted an amendment to her notice affidavit, asking the City to add this information.

**¶7**         In July of 2019, Ortega quitclaimed her separate interest in the Property to her marital community, giving a community interest in the Property to her husband John Lara. In December of that year, she transferred her remaining interest in the Property to her husband.

**¶8**         Over a year after Fernandez recorded her SOS deed, the Lowry family transferred the note and deed of trust to Lara. Lara, now the beneficiary under the deed of trust and owner of the parcel, recorded a substitution of trustee listing T'shura-Ann Elias as successor trustee.

**¶9**         In March 2021, Elias recorded a notice of trustee's sale. This notice listed both new parcel numbers and property descriptions. The trustee notified Fernandez of the date and time for the sale and Fernandez attended. At the sale, Houseopoly was the purchaser of Lara's interest, paying $92,500.

**¶10**         The trustee's deed conveying the Property to Houseopoly purported to convey two parcels: Parcel 1, "[t]he North 42.7 feet" of the lot, and Parcel 2, the entire lot "EXCEPT the North 42.7 feet thereof." In other words, the deed conveyed not only Lara's parcel, Parcel A, but also purported to convey Parcel B, the property owned by Fernandez. The trustee's deed was recorded on July 23, 2021, over two years after Fernandez recorded her SOS deed, and three years after the issuance of the certificate of sale.

¶11            In January 2022, Fernandez filed a quiet title action against Houseopoly. She asked the court to quiet title to Parcel B in her favor, extinguishing Houseopoly's adverse claim. Houseopoly filed an answer, asserting various affirmative defenses.

¶12            In April 2022, Houseopoly granted a lien on the Property to Koeppen. Strangely, this lien attached to Parcel B only. Accordingly, Koeppen joined as party to the lawsuit upon motion.

¶13            Houseopoly and Koeppen (now collectively "Houseopoly") moved for summary judgment, arguing Fernandez had no valid claim to the Property because she did not comply with the notice requirements before applying for her SOS deed rendering that deed void. Houseopoly argued that the trustee's sale and resulting trustee's deed extinguished any interest she may have had in the Property because Houseopoly acquired title without notice of any defects, and Fernandez did not seek an injunction to stop the sale.

¶14            Fernandez filed a cross-motion for summary judgment, and the court held oral argument on both motions. At the conclusion of oral argument, the court granted Fernandez's cross-motion and denied Houseopoly's motion. The court entered a final judgment quieting title to to Parcel B in Fernandez, noting her "good faith efforts to comply with the process . . . under A.R.S. § 48-606." The court "forever barred [Houseopoly] from asserting any claims to the property listed in the Superintendent of Streets Deed issued April 25, 2019." Houseopoly timely appealed.

## DISCUSSION

¶15            This Court reviews de novo whether summary judgment is appropriate. *Glazer v. State*, 237 Ariz. 160, 167, ¶ 29 (2015). "The court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We view the facts in a light most favorable to the non-moving parties. *Acosta v. Phoenix Indem. Ins. Co.*, 214 Ariz. 380, 381, ¶ 2 (App. 2007).

## I.      Grant of Summary Judgment in Favor of Fernandez

¶16            Bullhead City needed to upgrade the sewer connection in the portion of the city where the Property is located. Because the nature of the improvement was not of general benefit to the citizens of the city, but only provided a benefit to those who would be utilizing the improved system, it was deemed a "local improvement." *See City of Globe v. Willis*, 16 Ariz. 378,

4

391 (1915). As such, the superintendent of streets created a special assessment district. *See* A.R.S. §§ 48-571(A)(18), -572(A)(4). Each parcel owner in the assessment district was required to contribute to the cost of the improvement, and each received the benefit of that improvement. *See* A.R.S. §§ 48-575(E), -595(A); *see also Moore v. City of Chandler*, 148 Ariz. 124, 126–28 (App. 1985) (outlining improvement district process per earlier versions of relevant statutes).

¶17          To secure payment of delinquent assessments, a municipality's superintendent of streets is authorized to sell portions of parcels with delinquent assessments. *See* A.R.S. §§ 48-601, -603. Unlike a tax lien, the assessment lien holder only buys a lien on the portion of the parcel equal to the value of the assessment. *Hinz v. City of Phoenix*, 118 Ariz. 161, 163 (App. 1978) (explaining that earlier statute contemplated "that, in the auction-bid process, only that portion of the land which is equal in value to the amount of the lien is sold"). The superintendent of streets must then issue and record a certificate of sale. *See* A.R.S. § 48-604. Once the superintendent sells the assessment, it becomes an interest-bearing investment for the purchaser. *See* A.R.S. § 48-605(A).

¶18          Before the purchaser may receive a deed to the property, anyone with a recorded interest may redeem the property by following the procedure set forth in A.R.S. § 48-605. Basically, the person with an interest may redeem that interest by paying the amount of the assessment with interest to the lien purchaser. *Id.* If no redemption occurs within 12 months of the sale, the superintendent of streets shall execute a deed to the purchaser upon his or her application. A.R.S. § 48-606.

¶19          An SOS deed may be issued only if the purchaser gave notice to everyone with a recorded interest in the property at least 30 days before applying for the deed. A.R.S. § 48-606(B). If the owner cannot be found with due diligence, the purchaser must post notice in "a conspicuous place upon the property" at least 30 days before application. *Id.* Once the superintendent of streets issues the SOS deed, it becomes "prima facie evidence of the truth of all matters recited therein," including that notice was properly given. *See* A.R.S. § 48-606(D). "The deed of the superintendent shall convey to the purchaser fee title to the lands described therein, free and clear of all interests, liens, claims and encumbrances whether of record before or after the assessment lien, except for the lien for general property taxes and prior special assessments." *Id.* So, when Fernandez received and recorded the SOS deed, she became the prima facia record owner of the Property–full stop. To divest Fernandez of her ownership interest, judicial intervention would be necessary.

**¶20** Houseopoly contends that Fernandez did not own any interest in the Property at the time of the trustee's sale because her SOS deed was void for failure to comply with the notice requirements. Houseopoly cites *Nicholas v. Fowler*, 89 Ariz. 7 (1960), to support this proposition. In *Nicholas*, evidence was presented that those with a recorded interest in the property did not receive the statutorily required notice. *Id.* at 11. The court agreed that an affidavit stating due diligence was used to try to find the property owner was insufficient, specifically holding: "a deed issued on the basis of such affidavit is void as against the owner and persons having prior legal or equitable interests in the property." *Id.* at 9–11. But that language must be read in the context of the procedural posture of that case—namely, those with "prior legal or equitable interests in the property" brought a quiet title action against the current SOS deedholder to challenge compliance with the notice statute. *Id.* at 8. While the court used the term "void" to describe a deed issued without proper notice, the court actually *voided* the deed based on a challenge to its validity. *See Kinney v. Lundy*, 11 Ariz. 75, 81 (1907) (noting "[p]robably no words are more inaccurately used in the books than 'void' and 'voidable'" (citation and quotation marks omitted)); *Auman v. Auman*, 134 Ariz. 40, 42 (1982) (noting "the term 'void' is often misused"). In this instance Fernandez's SOS deed was voidable, not void on its face. *See Smith v. Smith*, 235 Ariz. 181, 185, ¶ 12 (App. 2014) (noting a voidable decree "is valid and enforceable until successfully challenged"); *cf. State v. Cramer*, 192 Ariz. 150, 153, ¶ 12 (App. 1998) (noting a void decree is a nullity from its inception).

**¶21** Here, neither the property owner (initially Ortega, then Ortega and Lara as a married couple, and finally Lara alone), nor the deed of trust holder (Lowry or his heirs), nor the assignee (Lara) sought to quiet title to the Property. *See* A.R.S. § 12-1101. By statute, Fernandez was the record title holder to the Property unless or until someone with a prior recorded interest in the Property challenged the deed's validity. *See* A.R.S. § 48-606(D). Once Fernandez filed an action to quiet title to Parcel B in her favor, the notice infirmity was placed at issue.

**¶22** Here the court found that because Fernandez engaged in a good-faith effort to comply with the notice requirements she was entitled to have title to Parcel B quieted in her favor. But a good-faith effort is not what is required under the statute. *See* A.R.S. § 48-606(B); *Nicholas*, 89 Ariz. at 11 (holding that "[s]tatutes providing for foreclosure by deed of assessment liens are to be strictly construed"). In Arizona, once a deed has been issued, any defects or inadequacies in the notice process cannot simply be cured or corrected retroactively to validate the deed. For example, when a party entitled to notice of a treasurer's deed is not given the required

notice, a subsequent deed issued is invalid with respect to that party. *Brandt v. City of Yuma*, 124 Ariz. 29, 31 (App. 1979). It is undisputed that Fernandez failed to give Lowry notice of her intention to seek an SOS deed. Her subsequent measures did not cure the notice defect. The court's finding that a good-faith effort overcame the statutory notice requirements was in error.

¶23 The foregoing does not, however, entitle Houseopoly to title quieted on its behalf either. Even if Fernandez's SOS deed is voided by the court, her certificate of sale will still be valid. To obtain clear title, Houseopoly would then need to redeem Fernandez's interest in the Property—namely satisfaction of her interest-bearing investment. *See* A.R.S. § 48-605(A). Because the court erred in granting summary judgment in Fernandez's favor, we reverse and remand for further proceedings consistent with this decision.

## II. Denial of Houseopoly's Motion for Summary Judgment

¶24 Houseopoly asserts that by selling the Property at a trustee's sale, Fernandez's interest in the Property was extinguished. To be sure, any property conveyed pursuant to a valid trustee's sale "shall be . . . clear of all liens, claims or interests that have a priority subordinate to the deed of trust and shall be subject to all liens, claims or interests that have a priority senior to the deed of trust." A.R.S. § 33-811(E). Yet, it is also true that you cannot sell property at a trustee's sale unless you have either an ownership or a beneficial interest in that property. Lowry and his assignees had neither. When the SOS deed was issued by the City, title was conveyed to Fernandez without any encumbrance, including the deed of trust held by Lowry. *See* A.R.S. § 48-606(D).

¶25 Before a trustee may dispose of property at a trustee's sale, the property to be sold must have an equitable interest that is being foreclosed. Here, there is no doubt that the trustee knew about Fernandez's ownership in the Property before noticing the trustee's sale. This is evidenced by the listing of the two parcels' legal descriptions, coupled with Fernandez's recorded SOS deed which again provides prima facia evidence of her unencumbered ownership of Parcel B. *See* A.R.S. § 48-606(D); A.R.S. §§ 33-807, -801(9) (providing that only trust property capable of being transferred may be sold).

¶26 When a deed correctly describes the conveyance of title, its recordation constitutes constructive notice to subsequent purchasers. *In re Bisbee*, 157 Ariz. 31, 35 (1988); A.R.S. § 33-818. As a result, the trustee had no authority to sell the Property as a whole because only Parcel A (the portion

not owned by Fernandez) was transferrable by the trustee at the time of the trustee's sale. *See In re Bisbee*, 157 Ariz. at 35; A.R.S. § 33-818.

**¶27** One cannot divest an owner of their property by simply listing the legal description in a notice of a trustee's sale and holding that sale. Here, Ortega, the property owner; Lowry, the deed of trust holder; and Lara, an assignee under the deed of trust; all lost whatever interest they had in Parcel B when they failed to redeem the sewer assessment during the statutory period. Once the SOS deed was issued, it was prima facie evidence of Fernandez's ownership, and after failing to challenge the deed's validity, the trustee attempted to sell property his client did not own. At the time of the sale, the trustee had no recorded interest in Parcel B and therefore nothing for him to transfer at a trustee's sale. We affirm the court's denial of Houseopoly's motion for summary judgment.

## CONCLUSION

**¶28** We reverse the summary judgment granted in favor of Fernandez and remand for proceedings consistent with this decision. We affirm the denial of Houseopoly's motion for summary judgment. We decline to grant the parties' requests for attorneys' fees and costs.

